UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:17-cr-00025-SEB-MJD |
| | ) | |
| GARY HIGGINS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING GOVERNMENT'S MOTION FOR REVOCATION OF RELEASE ORDER**

This cause is before us on the United States' Motion for Revocation of Release Order [Docket No. 18], filed March 16, 2017. The United States seeks *de novo* review of the Magistrate Judge's release order entered on March 16, 2017, arguing that no condition or combination of conditions of release set forth under 18 U.S.C. § 3142(b) or (c) will reasonably assure the safety of the community and Defendant's appearance at future court proceedings. Having reviewed *de novo* the written documents filed with the Court and listened to the audio recording of the hearing before the Magistrate Judge, I find that no additional argument or evidence is required in order to rule on the pending motion. *See United States v. Mire*, 2011 WL 1331999, at *1 (S.D. Ind. Apr. 6, 2011). Accordingly, the following findings of fact and conclusions of law and hereby entered.

**Findings of Fact**

These facts are adopted from the Government's summary, to which the Defendant interposed no objections.

On January 21, 2017, deputies from the Marion County Sheriff's Department arrived at 3146 E. Robson St. in Indianapolis, Indiana to serve an arrest warrant on a Ms. Miranda Hodges. Upon entry into Ms. Hodges's residence, the deputies observed five individuals in the living room area, one of whom was Defendant Gary Higgins, who was sitting on a sofa. According to Deputy Randy Mullins, Higgins had a "baggie" visibly wedged under his left knee on the sofa, which, when recovered by the officers, was found to contain several smaller "baggies" consistent with drug packaging. Deputy Mullins also later discovered another "baggie" on the left corner of the sofa cushion where Higgins had been sitting. The second "baggie" contained what was later analyzed and found to be 27.47 grams of methamphetamine. Deputy Mullins also found a set of keys on the sofa next to the "baggie." A search incident to Higgins's arrest revealed $228 in cash in Higgin's right front pants pocket and an electronic scale with white residue in his left jacket pocket.

Following receipt of his *Miranda* warnings, Higgins consented to a search of his Chevrolet Silverado truck, which was parked outside the residence. The search revealed a loaded Ruger SR40C .40 caliber semiautomatic handgun and a loaded Jennings J-22 .22 caliber semiautomatic handgun in the center console. The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") later determined that the Ruger .40 caliber

semiautomatic handgun had been stolen from a Federal Firearms Licensee in Hancock County in August of 2016.

On October February 22, 2017, a federal Grand Jury returned an Indictment charging Defendant Higgins as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Government moved for Higgin's pretrial detention based on the risk that he would fail to appear at future court hearings and that his release would pose a danger to the community. See 18 U.S.C. §§ 3142(e), (f)(1)(E), and (2)(A). A detention hearing was held on March 16, 2017 in which the Magistrate Judge determined that the Government had not met its burden of proving by preponderance of evidence that no condition of release would reasonably assure Higgins's appearance, nor of establishing by clear and convincing evidence that no condition of release would reasonably assure the safety of any other person and the community. Higgins was therefore ordered released under certain conditions, including home detention and GPS monitoring, but that order was stayed to allow the United States to file the instant appeal. [Dkts. 19, 21].

**Conclusions of Law**

"If a person is ordered released by a magistrate judge…the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). District Court review of the magistrate judge's order is conducted *de novo* by either reviewing the transcript of the detention hearing or holding a new hearing. *United States v. Torres,* 929 F.2d 291, 292 (7th Cir. 1991). As mentioned above, in reviewing *de*

*novo* the record and audio in this case, it was determined that no additional argument or evidence is required in order to rule on the pending motion. *See United States v. Mire*, 2011 WL 1331999, at *1 (S.D. Ind. Apr. 6, 2011).

The United States sought the pretrial detention of Defendant Higgins based on the risk that he would fail to appear at future court hearings and the risk that he posed as a danger to the community, if he were released. See 18 U.S.C. §§ 3142(e), (f)(1)(E), and (2)(A). The United States has the burden of proving by preponderance of evidence that no condition of release would reasonably assure Defendant's appearance, and/or of establishing by clear and convincing evidence that no condition of release would reasonably assure the safety of any other person and the community. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). Clear and convincing evidence is something more than proof by a preponderance of the evidence but less than proof beyond a reasonable doubt. *Addington v. Texas*, 441 U.S. 418, 425 (1979).

If the United States establishes by the appropriate standards that no conditions or combination of conditions will reasonable assure the appearance of the defendant and the safety of any other person and the community, the Court shall order the detention of the person before trial. 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of any other person and the community, we have considered the following statutory factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence…
>
> (2) the weight of the evidence against the accused;
>
> (3) the history and characteristics of the person, including:
>
> > (A) his character, physical and mental conditions, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> >
> > (B) whether, at the time of the current offense or arrest, he was on probations, on parole, or other release pending trial, sentencing appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g).

Having reviewed and considered the evidence presented on the issue of release or detention and weighed that evidence in accordance with the factors set forth in 18 U.S.C. § 3142(g) and the legal standards set forth above, I conclude for the following reasons, as did the Magistrate Judge, that the Government has not met its burden of establishing by a preponderance of evidence that Higgins presents a risk of flight:

- Defendant, a male person whose age is 54, was employed up until time of arrest; that he resides with mother in a home that she owns in Indianapolis; that various family members of the Defendant were present in court on the day of initial appearance showing their knowledge of his legal situation as well as their support; that for most of his adult life, he has resided in Indianapolis; and that he has one daughter and three grandchildren with whom he maintains daily contact as well as occasional contact with siblings. These things evidence Defendant's relatively strong ties to the community which would deter him from flight to avoid this prosecution.

However, for the following reasons, we find by clear and convince evidence that, if released on bond, Higgins would pose a threat to the safety of the community and that no conditions could be imposed that would sufficiently ameliorate that risk:

- The weight of the evidence underlying the indictment against the Defendant is strong. In fact, Defendant himself allegedly led the agents to the two loaded semiautomatic firearms that were secreted in the console of his truck, which firearms he possessed, he said, for his "protection," suggesting he might have been engaged in other illegal conduct that placed him in need of protection, a supposition that gained credence by his admitted drug use. At the time of his arrest, Defendant was found in the presence of various other people all located inside a residence, some of whom were being arrested on drug related charges. In fact, at the time of the execution of the arrest warrant for Ms. Hodge, Defendant himself had been found in possession of a "baggie" of methamphetamine. He also allegedly admitted to being a daily user of methamphetamine.

- Defendant has a substantial, serious criminal history, which includes six prior felony convictions (and two misdemeanors) dating back to 1990. Over twenty-seven-years, therefore, he has been prohibited from possessing firearms. This long period of disability confirms Defendant's unquestioned knowledge that he was prohibited from possessing the two loaded firearms which he is charged with possessing at the time of his arrest. Even though his prior criminal history does not reveal convictions for violent offenses, it does disclose a prolonged pattern of illegal conduct that is not likely to be entirely abandoned by him, given his present legal circumstances, if he were released on bond. Even though his record discloses that he managed to successfully complete two prior stints of probation, we remain skeptical about his ability to refrain from further criminal activity if the opportunity and impulse presented themselves, in light of his lengthy record.

- Defendant is subject to an outstanding arrest warrant issued in an open Nevada case for a non-extraditable (petty) offense. This fact sheds light on the seriousness of his criminal history. His willingness to allow the matter

to remain unresolved reveals an indifference to, or at least casual disregard for his legal standing and obligations, generally.

- Defendant has a long history of polysubstance drug abuse marked by specific drug and alcohol related incidents including his daily meth use as recently as immediately prior to his arrest. When he was arrested, the fact that he had on his person $200 in cash and a set of digital scales indicates his ongoing involvement with illegal substances. According to the pretrial report, besides his problems of addiction, Defendant has also apparently struggled with mental health challenges during the recent past.

For these reasons, this Judge respectfully concludes that the Magistrate Judge's order of release subject to various restrictions and conditions, to wit, home detention at his mother's reside, GPS monitoring, random drug testing including a complete prohibition on alcohol consumption, do not sufficiently capture the seriousness of Defendant's criminal history, including his longstanding penchant for acquiring firearms. On home detention, Defendant would have easy access to firearms brought in or otherwise possessed by visitors to the premises. The GPS monitoring to which he would be subject would permit only intermittent surveillance by the probation officer on a random basis, whereas detention would provide ongoing close supervision and monitoring. Finally, I have serious doubts that a daily meth user such as Defendant has admitted to being is capable of foregoing all drugs while on home detention, particularly if such substances are supplied by others who visit the Defendant at the residence where he is confined.

Accordingly, based on our *de novo* review, I hereby find that the Government has met its burden of proving by clear and convincing evidence that Defendant's release

would pose a risk to the safety of the community and that no condition or combination of conditions would sufficiently ameliorate that risk. The Government's Motion for Revocation of the Release Order [Docket No. 18] is GRANTED and Defendant's Response/Motion to Strike [Docket No. 22] is DENIED. Mr. Higgins is remanded to the custody of the United States Marshal pending trial or other disposition of this matter.

**IT IS SO ORDERED.**

Date: 3/22/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Barry D. Glickman
UNITED STATES ATTORNEY'S OFFICE
barry.glickman@usdoj.gov

Jeffrey A. Baldwin
VOYLES ZAHN & PAUL
jbaldwin@vzplaw.com