UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-cr-0025-SEB-MJD |
| | ) | |
| GARY HIGGINS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petitions for Warrant or Summons for Offender Under Supervision ("Petitions") filed on January 20, and February 23, 2021, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on March 23, 2022, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On March 23, 2022, defendant Gary Higgins appeared in person with his retained counsel, Jeffrey Baldwin. The government appeared by Barry Glickman, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Higgins of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Higgins questions to ensure that he had the ability to understand the proceedings and his rights.

2. Copies of the Petitions were provided to Mr. Higgins and his counsel, who informed the court they had reviewed the Petitions and that Mr. Higgins understood the violations alleged. Mr. Higgins waived further reading of the Petitions.

3. The court advised Mr. Higgins of his right to a preliminary hearing and its purpose and of the rights he would have at a preliminary hearing. Mr. Higgins stated that he wished to waive his right to a preliminary hearing and stipulated to probable cause.

4. The court advised Mr. Higgins of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Higgins, by counsel, stipulated that he committed Violation Number 3 set forth in the Petitions as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"You must not commit another federal, state, or local crime."** <br><br> On February 22, 2021, Mr. Higgins was arrested and charged in McLouth, Kansas, with interference with law enforcement, fleeing while in commission of a felony, possession of a firearm by a felon, possession of |

methamphetamine, defacing a firearm, possession of marijuana while in a jail, and trafficking contraband into a correctional facility.

According to the police report, officers were dispatched to investigate a suspicious vehicle sitting at a convenience store in McLouth, Kansas. Officers approached the offender who advised he was out of gas and waiting for the store to open. Mr. Higgins provided an alias name of Tony Soratori, which was returned with nothing found. Officers observed a gun holster for a pistol lying on the passenger seat of his vehicle, and next to the holster was a wallet. Mr. Higgins then advised he was facing charges of distribution of drugs in Indiana and had served time in federal prison for a firearms charge. Officers obtained his drivers license from the wallet and positively identified the offender, and learned he had an active warrant and was wanted by U.S. Marshals.

Mr. Higgins was asked to step out of the vehicle, and he refused. He rolled his window up, and drove away. A pursuit ensued, and he was eventually apprehended and placed under arrest. The offender admitted he had a pistol inside of the vehicle and possibly some marijuana. Officers looked under the drivers seat and found a loaded 9mm Ruger pistol with a full magazine. Upon inspection, the serial number for the pistol had been obliterated. On the floor board of the vehicle, a plastic bag was found which had a white crystal substance inside of it. Additionally, Mr. Higgins had $6,000.00 dollars cash on him.

Mr. Higgins was transported to the Jefferson County, Kansas Jail, and asked if he had any weapons, drugs, or contraband on him. He did not disclose anything. Later, jail staff found three small baggies of marijuana and a packet of rolling papers inside his coat after he had entered the jail cell.

6. The court placed Mr. Higgins under oath and directly inquired of Mr. Higgins whether he admitted Violation Number 3 of his supervised release set forth above. Mr. Higgins admitted the violation as set forth above.

7. Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

8. The parties and the USPO further stipulated:

    (a) The highest grade of Violation (Violation 3) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Higgins's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of Mr. Higgins's supervised release, therefore, is 8 - 14 months' imprisonment.  (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of eleven (11) months with no supervised release to follow.  Defendant requested placement at a facility closest to Indianapolis, Indiana.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, GARY HIGGINS, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of eleven (11) months with no supervised release to follow.  This Magistrate Judge makes a recommendation of placement at a facility closest to Indianapolis, Indiana.

Counsel for the parties and Mr. Higgins stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Higgins entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of

any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Higgins's supervised release, imposing a sentence of eleven (11) months with no supervised release to follow. This Magistrate Judge makes a recommendation of placement at a facility closest to Indianapolis, Indiana. The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.

IT IS SO RECOMMENDED.

Date: 3/25/2022

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system